# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50231
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

UVERCLAIN DOMINGUEZ-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1097-1

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Uverclain Dominguez-Espinoza pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 46 months of imprisonment and three years of supervised release. Dominguez-Espinoza challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline, U.S.S.G. § 2L1.2, is not empirically based and is therefore not subject to the presumption of reasonableness normally due to within-guideline sentences.  He concedes that this argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).  He raises the argument to preserve it for possible review by the Supreme Court.  He further argues that the guidelines double-counted his criminal record, produced a range overstating the seriousness of the offense, and failed to account for his benign motive for reentering the country, his family circumstances, and his cultural assimilation.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  A within-guidelines sentence is entitled to a presumption of reasonableness.  *See Rita v. United States*, 551 U.S. 338, 347 (2007).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As he so concedes, Dominguez-Espinoza's argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court.  *See Mondragon-Santiago*, 564 F.3d at 366-67 & n.7.  In addition, Dominguez-Espinoza's arguments that the double-counting of a prior conviction makes his sentence unreasonable and that the guidelines overstate the seriousness of illegal reentry because it is, "at bottom, an international trespass" have also been previously rejected.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir.

No. 14-50231

2006).  Finally, Dominguez-Espinoza's argument concerning his benign motive for reentry fails to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The district court heard Dominguez-Espinoza's arguments concerning his reasons for reentering the United States before imposing a sentence within the advisory guidelines range.  The district court considered Dominguez-Espinoza's personal history and characteristics and the other statutory sentencing factors in § 3553(a) prior to imposing the sentence.  Dominguez-Espinoza's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See Cooks*, 589 F.3d at 186.

Dominguez-Espinoza has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentence of 46 months. *See Gall*, 552 U.S. at 51.  The judgment of the district court is AFFIRMED.